Local Form 3015-1 (1/22)

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | | | |
|---|---|---|---|
| In re: | Blair, Roneesha Lanya | Case No. | 25-41592 |
| | | CHAPTER 13 PLAN | ☒ Modified |
| Debtor. | | Dated | 07/16/2025 |

*In a joint case, debtor means debtors in this plan.*

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE: Debtor must check the appropriate boxes below to state whether or not the plan includes each of the following items:**

| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 9 or 16 | ☒ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a security interest or lien, set out in Part 16 | ☐ Included | ☒ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 16 | ☒ Included | ☐ Not Included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE: The initial plan payment is due not later than 30 days after the order for relief, unless the court orders otherwise.**

2.1   As of the date of this plan, the debtor has paid the trustee   **$400.00**   .

2.2   After the date of this plan, the debtor will pay the trustee:

| Plan payment | Start MM/YYYY | End MM/YYYY | Total |
|---|---|---|---|
| | | | |
| $485.00 | 2 (07/2025) | 23 (04/2027) | $10,670.00 |
| $555.00 | 24 (05/2027) | 60 (05/2030) | $20,535.00 |
| | | TOTAL | **$31,205.00** |

2.3   The minimum plan length is ☒ 36 months or ☐ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.

2.4   The debtor will also pay the trustee _____ .

2.5   The debtor will pay the trustee a total of   **$31,605.00**   [lines 2.1 + 2.2 + 2.4].

**Part 3. PAYMENTS BY TRUSTEE AND TRUSTEE'S FEES:** Prior to confirmation of the plan, the trustee will pay from available funds payments designated as Adequate Protection ("Adq. Pro.") under Parts 8 and 9 to creditors with claims secured by personal property. All other funds will be disbursed by the trustee following confirmation of the plan as soon as is practicable. The trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee is not required to retain funds for any claim for which a proof of claim has not been timely filed and may disburse those funds to other claimants. The trustee may collect a fee of up to 10% of plan payments, or   **$3,160.50**   [line 2.5 x 0.10].

**Part 4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES (§ 365):** The debtor assumes the following executory contracts or unexpired leases. Debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 7.

| | Creditor | Description of property |
|---|---|---|
| 4.1 | 5240 Apartments | Residential Lease<br>Contract to be ASSUMED |

**Part 5. CLAIMS NOT IN DEFAULT:** Payments on the following claims are current. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any.

Local Form 3015-1 (1/22)

| Creditor | Description of property |
|---|---|
| **None** | |

**Part 6. HOME MORTGAGES IN DEFAULT (§§ 1322(b)(5) AND 1322(e)):** The trustee will pay the amount of default listed in the proof of claim on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens. **All following entries are estimates.**

| Creditor | Amount of default | Monthly payment | Beginning in mo./yr. | # of payments | Remaining Payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|
| **None** | | | | | | | |
| TOTAL | | | | | | | $0.00 |

**Part 7. CLAIMS IN DEFAULT (§§ 1322(b)(3) AND (5) AND 1322(e)):** The trustee will pay the amount of default listed in the proof of claim in the amount allowed on the following claims. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any. **All following entries are estimates, except for interest rate.**

| Creditor | Amount of default | Interest rate (if any) | Beginning in mo./yr. | Monthly payment | # of payments | Remaining payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|
| **None** | | | | | | | | |
| TOTAL | | | | | | | | $0.00 |

**Part 8. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5))** The trustee will pay, the amount set forth in the "Total Payments" column below on the following secured claims if a proof of claim is filed and allowed. Notwithstanding a creditor's proof of claim filed before or after confirmation, the amount listed in the secured claim amount column binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with FRBP 3012(c) controls over any contrary amount. Unless otherwise specified in Part 16, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i). Any allowed unsecured portion of the claim will be paid under Part, 12, Part 13, or Part 14.

| | Creditor | Est. Claim amount | Secured claim amount | Int. rate | Adq. Pro. (Check) | Beginning in mo./yr. | Monthly payment | # of Payments | Remaining payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 8.1 | GM Financial | $22,655.00 | $18,200.00 | 9.50% | ☑ | 06/2025 | $100.00 | 5 | $500.00 | | $23,156.36 |
| | | | | | | 11/2025 | $425.00 | 53 | $22,525.00 | | |
| | | | | | | 04/2030 | $131.36 | 1 | $131.36 | | |
| | TOTAL | | | | | | | | | | **$23,156.36** |

**Part 9. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value)** The trustee will pay the amount of the allowed secured claim listed in the proof of claim at the interest rate set forth below. Any allowed unsecured portion of the claim will be paid under Part 12, Part 13, or Part 14. All following entries are estimates, except for interest rate. Unless otherwise specified in Part 16, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i).

Local Form 3015-1 (1/22)

| | Creditor | Est. Secured Claim amount | Int. Rate | Adq. Pro. (Check) | Beginning in mo./yr. | Monthly payment | # of Payments | Remaining payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | **None** | | | | | |
| | TOTAL | | | | | | | | | **$0.00** |

**Part 10. PRIORITY CLAIMS (not including claims under Part 11):** The trustee will pay in full all claims entitled to priority under § 507(a)(2) through (a)(10), including the following. **The amounts listed are estimates.** The trustee will pay the allowed portion of the priority amount listed in the proof of claim.

| | Creditor | Claim amount | Beginning in mo./yr. | Monthly payment | # of payments | Remaining payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|
| 10.1 | Walker & Walker Law Offices, PLLC | $3,328.00 | 06/2025 | $260.00 | 1 | $260.00 | | $3,328.00 |
| | | | 07/2025 | $336.00 | 4 | $1,344.00 | | |
| | | | 11/2025 | $11.00 | 19 | $209.00 | | |
| | | | 06/2027 | $74.00 | 20 | $1,480.00 | | |
| | | | 02/2029 | $35.00 | 1 | $35.00 | | |
| 10.2 | Minnesota Department of Revenue | | | Pro-Rata | | $0.00 | | $0.00 |
| 10.3 | Internal Revenue Service | | | Pro-Rata | | $0.00 | | $0.00 |
| | TOTAL | | | | | | | **$3,328.00** |

**Part 11. DOMESTIC SUPPORT OBLIGATION CLAIMS:** The trustee will pay in full all domestic support obligation claims entitled to priority under § 507(a)(1), including the following. **The amounts listed are estimates.** The trustee will pay the allowed portion of the priority amount listed in the proof of claim.

| | Creditor | Claim amount | Beginning in mo./yr. | Monthly payment | # of payments | Remaining payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|
| | | | | **None** | | | | |
| | TOTAL | | | | | | | **$0.00** |

**Part 12. SEPARATE CLASSES OF UNSECURED CLAIMS:** In addition to the class of unsecured claims specified in Part 13, there shall be separate classes of non-priority unsecured claims including the following. The trustee will pay the allowed portion of the nonpriority amount listed in the proof of claim. All following entries are estimates.

| | Creditor | Unsecured claim amount | Interest rate (if any) | Beginning in mo./yr. | Monthly payment | # of Payments | Remaining payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | **None** | | | | |
| | TOTAL | | | | | | | | **$0.00** |

**Part 13. TIMELY FILED UNSECURED CLAIMS:** The trustee will pay holders of allowed non-priority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under Parts 3, 6, 7, 8, 9, 10, 11, and 12 their pro rata share of approximately     **$1,960.14**     [line 2.5 minus totals in Parts 3, 6, 7, 8, 9, 10, 11, and 12].

13.1 The debtor estimates that the total unsecured claims held by creditors listed in Part 8 and 9 are     **$4,455.00**     .

Local Form 3015-1 (1/22)

13.2 The debtor estimates that the debtor's total unsecured claims (excluding those in Parts 8 and 9) are   **$14,354.00**   .

13.3 Total estimated unsecured claims are   **$18,809.00**   [lines 13.1 + 13.2].

**Part 14. TARDILY-FILED UNSECURED CLAIMS:** All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 6, 7, 8, 9, 10, 11, 12, and 13, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed. Tardily filed claims remain subject to objection pursuant to 11 U.S.C. §502(b)(9).

**Part 15. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under §§ 362(a) and 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

| | Creditor | Description of property *(including the complete legal description of real property)* |
|---|---|---|
| | **None** | |

**Part 16. NONSTANDARD PROVISIONS:** The Trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in FRBP 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void. Any request by the debtor to modify a claim secured only by a security interest in real property that is the debtor's principal residence must be listed in this Part and the debtor must bring a motion to determine the value of the secured claim pursuant to Local Rule 3012-1(a).

| | |
|---|---|
| **1.** | **1305 claims** <br> Pursuant to 11 U.S.C. Section 1305, a proof of claim may be filed by the Internal Revenue Service or Minnesota Department of Revenue for taxes that become payable while the case is pending. The trustee shall only pay Section 1305 claims attributable to the taxable year in which the case concerning such debtor(s) was filed, and only to the extent funds are available. |
| **2.** | **Post-Petition Consumer Debt** <br> Approval by the Bankruptcy Court or the Chapter 13 Trustee shall not be required prior to the debtor incurring a consumer debt while this case is pending, but the holder of the claim against the debtor based upon such debt is subject to § 1305. |
| **3.** | **Surrender and Relief From Stay** <br> Upon the granting of relief from the automatic stay, the trustee shall cease payments on account of the secured portion of the applicable claim. For any claim arising from the granting of relief from the automatic stay, surrender, foreclosure, repossession, or return of any collateral to any creditor listed in Parts 5, 6, 7, 8, 9, 10, 16 or Non-standard provisions, for any reason, including plan modification, the trustee shall pay such claim as a general unsecured claim upon amendment of the applicable claim. Any alleged balance of any claim to such creditor shall be discharged upon the debtor(s) receiving a discharge in this case. |
| **4.** | **Tax Refunds** <br> The debtor(s) shall be entitled to the first $1200 for an individual chapter 13 debtor and $2,000 for married chapter 13 debtors of each year's tax refunds. The balance shall be paid to the trustee as an additional plan payment. Any Earned Income Credit and Minnesota Working Family Credits shall be retained by the debtor(s). The debtors shall keep these credits in addition to the $1,200 or $2,000. |
| **5.** | **401k Loan** <br> Plan payments will increase upon completion of the debtor(s) 401k loan in May 2027. |

**SUMMARY OF PAYMENTS**

| Class of payment | Amount to be paid |
|---|---:|
| Payments by trustee [Part 3] | $3,160.50 |
| Home mortgages in default [Part 6] | $0.00 |
| Claims in default [Part 7] | $0.00 |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 8] | $23,156.36 |

Local Form 3015-1 (1/22)

| Class of payment | Amount to be paid |
|---|---:|
| Secured claims excluded from § 506 [Part 9] | $0.00 |
| Priority claims [Part 10] | $3,328.00 |
| Domestic support obligation claims [Part 11] | $0.00 |
| Separate classes of unsecured claims [Part 12] | $0.00 |
| Timely filed unsecured claims [Part 13] | $1,960.14 |
| TOTAL (must equal line 2.5) | $31,605.00 |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 16.

Signed:      **s/ Andrew Walker**
Andrew Walker
Attorney for debtor
Bar Number: 0392525
Walker & Walker Law Offices, PLLC
4356 Nicollet Ave
Minneapolis, MN 55409
Phone: (612) 824-4357
Email: andrew@bankruptcytruth.com

Signed:      **s/ Roneesha Lanya Blair**
Roneesha Lanya Blair
Debtor 1

Signed: _____
Debtor 2 (if joint case)

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: Roneesha Blair | Case No. 25-41592 |
| Debtor(s) | Chapter 13 Case |

NOTICE OF CONFIRMATION HEARING AND NOTICE OF MODIFIED PLAN

To: Gregory Burrell, the U.S. Trustee, and other entities specified in Local Rule 1007-2(a):

1. The debtor(s) have filed a preconfirmation modified plan and it will be considered at the confirmation hearing in this case set forth below.

2. The court will hold a hearing on this motion at 10:30AM on 2025-08-28  .The hearing will be conducted telephonically.

3. Please contact Judge Fisher's Courtroom Deputy by email at mnb_fisher_hearings@mnb.uscourts.gov or by telephone at 651-848-1061 to obtain the dial-in information.  Any person wanting to appear in person must contact Judge Fisher's Courtroom Deputy at 651-848-1061 at least 48 hours prior to the hearing.

4. Any objection to this plan must be filed and served on or before 2025-08-26.

WHEREFORE, the Debtor(s) respectfully request(s) the Court to confirm the modified plan.

| | |
|---|---|
| Dated: 07/16/2025. | /s/ Andrew C. Walker |
| | Andrew C. Walker #392525 |
| | Walker and Walker Law Offices, PLLC |
| | Attorney for debtor(s) |
| | 4356 Nicollet Ave |
| | Minneapolis, MN 55409 |
| | (612) 824-4357 |

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF MINNESOTA**

In re: Roneesha Blair　　　　　　　　　　　　　　　Case No. 25-41592

　　　　Debtor(s)

UNSWORN CERTIFICATE OF SERVICE

I, Jennifer Nelson , Declare under penalty of perjury that on 07/16/2025, I mailed copies of the foregoing Notice of Confirmation Hearing and Notice Of PreConfirmation Modified Plan by first class mail, postage prepaid, or by electronic mail using ECF to each entity named below at the address stated below for each entity.

United States Trustee
1015 U.S. Courthouse
300 South 4th Street
Minneapolis, MN 55415

Gregory Burrell
100 South 5th St. No. 480
Minneapolis, MN 55402

And creditors on the attached list

Executed on: 07/16/2025　　　　　　　　　　　　　　　　/e/ Jennifer Nelson

```
Label Matrix for local noticing         AmeriCredit Financial Services, Inc. dba GM    Minneapolis
0864-4                                   c/o Stewart, Zlimen & Jungers, Ltd.            301 Diana E. Murphy U.S. Courthouse
Case 25-41592                            2860 Patton Road                               300 South Fourth Street
District of Minnesota                    Roseville, MN 55113-1100                       Minneapolis, MN 55415-1320
Minneapolis
Wed Jul 16 17:25:50 CDT 2025

5240 Apartments                          AT&T                                           AmeriCredit Financial Services, Inc. dba GM
5240 West Broadway                       c/o Bankruptcy                                 P O Box 183853
Crystal, MN 55429-3566                   2270 Lakeside Blvd Fl 7                        Arlington, TX 76096-3853
                                         Richardson, TX 75082-4304

Bank of Missouri                         (p)CAINE & WEINER COMPANY                     Capital One
5109 S Broadband Lane                    12005 FORD ROAD 300                            PO Box 31293
Sioux Falls, SD 57108-2208               DALLAS TX 75234-7262                           Salt Lake City, UT 84131-0293

Credence Resource Management             Credit One Bank                                GM Financial
4222 Trinity Mills Rd Ste 260            PO Box 98872                                   801 Cherry St Ste 3600
Dallas, TX 75287-7666                    Las Vegas, NV 89193-8872                       Fort Worth, TX 76102-6855

Internal Revenue Service                 Kikoff Lending                                 LVNV Funding
PO Box 7346                              Attn: Bankruptcy                               PO Box 10497
Philadelphia, PA 19101-7346              75 Broadway St Ste 202                         Greenville, SC 29603-0497
                                         San Francisco, CA 94111-1423

LVNV Funding, LLC                        Midland Credit Management                      Minnesota Department of Revenue
Resurgent Capital Services               350 Camino De La Reina Suite 100               551 Bkcy Section
PO Box 10587                             San Diego, CA 92108-3007                       Po Box 64447
Greenville, SC 29603-0587                                                               Saint Paul, MN 55164-0447

(p)MOHELA                                North Memorial                                 (p)PORTFOLIO RECOVERY ASSOCIATES LLC
CLAIMS DEPARTMENT                        PO Box 1640                                    PO BOX 41067
633 SPIRIT DRIVE                         Minneapolis, MN 55480-1640                     NORFOLK VA 23541-1067
CHESTERFIELD MO 63005-1243

Progressive Bank                         (p)MRV BANKS                                   (p)RODENBURG LAW FIRM
Po Box 4053                              871 STE GENEVIEVE DR                           PO BOX 2427
Monroe, LA 71211-4053                    STE GENEVIEVE MO 63670-1406                    FARGO ND 58108-2427

(p)SELF INC                              US Trustee                                     United States Trustee
901 E 6TH STREET SUITE 400               1015 US Courthouse                             300 S 4th St Ste 1015
AUSTIN TX 78702-3241                     300 S 4th St                                   Minneapolis, MN 55415-3070
                                         Minneapolis, MN 55415-3070

Walker & Walker Law Offices, PLLC        (p)XCEL ENERGY                                 Andrew C. Walker
4356 Nicollet Ave                        ATTN BANKRUPTCY DEPARTMENT                     Walker & Walker Law Offices PLLC
Minneapolis, MN 55409-2033               414 NICOLLET MALL                              4356 Nicollet Ave S
                                         MINNEAPOLIS 55401-1993                         Minneapolis, MN 55409-2033
```

```
Gregory A Burrell                       Roneesha Lanya Blair
100 South Fifth Street                  5240 W Broadway Ave Apt 401
Suite 480                               Crystal, MN 55429-3541
Minneapolis, MN 55402-1250
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Caine & Weiner                          Mohela/Dept of Ed                       Portfolio Recovery
PO Box 55848                            633 Spirit Dr                           120 Corporate Blvd Ste 100
Sherman Oaks, CA 91413-0848             Chesterfield, MO 63005-1243             Norfolk, VA 23502


(d)Portfolio Recovery Associates, LLC   REVVI/MRV BANKS/VT                      Rodenburg Law Firm
c/o Credit Asset Sales LLC              Po Box 85800                            300 Np Ave N Ste 105
POB 12914                               Sioux Falls, SD 57118-5800              Fargo, ND 58102-4871
Norfolk VA 23541


SELFINC/LEAD                            Xcel Energy                             End of Label Matrix
901 E 6th St Ste 400                    414 Nicollet Mall                       Mailable recipients    31
Austin, TX 78702-3239                   Minneapolis, MN 55401-1927              Bypassed recipients     0
                                                                                Total                  31
```